```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOSEPH ROMAIN,

                    Plaintiff,

          -against-                        MEMORANDUM & ORDER
                                           13-CV-3035(JS)(WDW)
CAPITAL ONE, N.A. d/b/a CAPTIAL
ONE BANK,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:     Joseph Romain, pro se
                   176 Rushmore Street
                   Westbury, NY 11590

For Defendant:     Paul J. Siegel, Esq.
                   Alessandro Villanella, Esq.
                   Jackson Lewis, LLP
                   58 South Service Road, Suite 410
                   Melville, NY 11747
```

SEYBERT, District Judge:

Currently pending before the Court are: (1) defendant Capital One N.A. d/b/a Capital One Bank's ("Defendant") motion to dismiss the First Amended Complaint, and (2) pro se plaintiff Joseph Romain's ("Plaintiff") motion to compel. For the following reasons, Defendant's motion to dismiss is GRANTED and Plaintiff's motion to compel is DENIED.

BACKGROUND[1]

Plaintiff commenced this action on May 21, 2013 alleging, inter alia, that Defendant violated the Americans with Disabilities Act of 1990, as codified 42 U.S.C. §§ 12112-12117 ("ADA"). With the permission of the Court, Plaintiff subsequently filed an Amended Complaint on July 30, 2013.[2] According to the Amended Complaint, Plaintiff brings this action "against the Defendant on the basis of its failure to reasonably accommodate Plaintiff's disability, its failure to promote Plaintiff, unequal terms and condition[s] of employment, forcible restraint and verbal abuse[ ] . . . and its failure to correct a hostile work environment . . . ." (Am. Compl. ¶ 1.)

Plaintiff began working as a temporary employee in Defendant's mailroom in October 2001. (Am. Compl. ¶ 11.) He was hired as a full-time mailroom clerk on May 13, 2002. (Am. Compl. ¶ 11.) Plaintiff alleges that Defendant was satisfied with Plaintiff's performance and periodically raised his salary over the years of his employment. (Am. Compl. ¶¶ 12-16.)

On March 7, 2007, Plaintiff was involved in a car accident in which he sustained "a lot of injuries." (Am. Compl.

---

[1] The following facts are taken from Plaintiff's Amended Complaint and the documents attached thereto and are presumed to be true for the purposes of this Memorandum and Order, with the caveat noted infra.

[2] Although Plaintiff was briefly represented by counsel, both his original Complaint and his Amended Complaint were filed pro se.

¶ 20.) His orthopedic doctor permitted Plaintiff to return to work, but issued a "restriction letter" noting that Plaintiff had neuropathy of the peroneal nerve in the right leg and could not lift more than twenty-five pounds for a period of time. (Am. Compl. ¶ 20 & Ex. D.) Although it is unclear from the Amended Complaint,[3] the documents attached thereto indicate that Plaintiff re-aggravated his injury in 2009, causing him to take an approved leave under the Family Medical Leave Act from September 2009 through October 2009. (Am. Compl. Ex. B at 2; see also Pl.'s Opp. Br., Docket Entry 28, ¶ 32.)

Plaintiff alleges that, upon receipt of the restriction letter in 2007, Defendant was "unhappy" and, although Defendant continued to increase Plaintiff's salary, Defendant decreased the percentage by which his salary increased. (Am. Compl. ¶ 17.) Plaintiff further alleges that his supervisor, Mr. Edgar Lozado, lied about Plaintiff's poor work performance and on one occasion hit Plaintiff in the back with a shopping cart. (Am. Compl. ¶¶ 23-24.) Defendant ultimately terminated Plaintiff's employment on January 2, 2010. (Am. Compl. ¶ 11.)

---

[3] The Amended Complaint is somewhat difficult to decipher and offers a recitation of cases from across the country, including cases involving Dr. Conrad Murray, Lance Armstrong, and Abner Louima.

3

On January 20, 2010, Plaintiff filed a verified complaint with the New York State Division of Human Rights ("NYSDHR"). (Am. Compl. Ex. B at 1.) The NYSDHR concluded that Defendant had decided to terminate one mail room associate from each of its locations, that Plaintiff was selected for "role elimination" due to his poor performance, and that no other employee selected for elimination was disabled. (Am. Compl. Ex. B at 2.) On June 28, 2011, the NYSDHR dismissed Plaintiff's charge. (Am. Compl. Ex. B.) Plaintiff asserts that the NYSDHR based its decision on false statements, presumably from Mr. Lozado acting in concert with Defendant. (Am. Compl. ¶¶ 31, 36.)

Plaintiff's complaint was also cross-filed with the United States Equal Employment Opportunity Commission ("EEOC"). On September 27, 2011, the EEOC adopted the findings of the NYSDHR and dismissed Plaintiff's charge. (Am. Compl. Ex. A.) Plaintiff alleges, however, that he did not receive a right-to-sue letter from the EEOC until May 17, 2013. (Am. Compl. ¶ 6.)

According to Defendant--which Plaintiff does not dispute--Plaintiff appealed the NYSDHR's decision to the Supreme Court of New York, Nassau County on July 15, 2011.[4] (Def.'s Br.,

---

[4] The Court will take judicial notice of the documents submitted in connection with prior litigation. See Twentieth Cen. Fox Film Corp. v. Marvel Enters., Inc., 220 F. Supp. 2d 289, 293 n.

4

Docket Entry 26, at 3; Siegel Aff., Docket Entry 25-1, Ex. F.) The Supreme Court upheld the NYSDHR's decision and on November 10, 2011, Plaintiff appealed to the Appellate Division, Second Department. (Def.'s Br. at 3; Siegel Aff. Exs. G-H.) On February 13, 2013, the Appellate Division affirmed the decision of the Supreme Court. (Def.'s Br. at 3; Siegel Aff. Ex. I.) Plaintiff moved for leave to appeal to the New York Court of Appeals, but on April 30, 2013, the New York Court of Appeals denied Plaintiff's request. (Def.'s Br. at 3; Siegel Aff. Ex. K.)

## DISCUSSION

The Court will first discuss Defendant's motion to dismiss, and the applicable legal standard, before turning to Plaintiff's motion to compel.

I. Defendant's Motion to Dismiss

   A. Legal Standard

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is

---

4 (S.D.N.Y. 2002) ("The Court takes judicial notice of Marvel's filing in the bankruptcy proceeding under Fed. R. Evid. 201.").

"inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

In deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). This has been interpreted broadly to include any document attached to the Complaint, any statements or documents incorporated in the Complaint by reference, any document on which the Complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

B. Timeliness

Defendant moves to dismiss the Amended Complaint because Plaintiff's action is not timely. The Court agrees.

6

To sustain a claim under the ADA or under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. ("Title VII"), a plaintiff must file his federal action within ninety days of receiving a right-to-sue letter from the EEOC. See Johnson v. St. Barnabas Nursing Home, 368 F. App'x 246, 248 (2d Cir. 2010) (citing 42 U.S.C. § 2000e-5(f)(1) and 42 U.S.C. § 12117(a)). "Absent sufficient evidence to the contrary, it is presumed that a plaintiff received his or her right to sue letter three days after its mailing." Id. (citing Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525 (2d Cir. 1996)).

Here, the EEOC dismissed Plaintiff's charge on September 27, 2011, but Plaintiff did not file this action until May 21, 2013. Plaintiff alleges in his Amended Complaint that he did not receive the right-to-sue letter until May 17, 2013. (Am. Compl. ¶ 6.) In support, Plaintiff attaches an affidavit to the Amended Complaint from his daughter, attesting that she "picked up" an envelope from the EEOC addressed to Plaintiff on May 17, 2013. (Am. Compl. Ex. A.)

Preliminarily, unsupported allegations regarding receipt of a right-to-sue letter from the EEOC do not overcome the presumption that a plaintiff received the letter three days after its mailing. See Hughes v. Elmira Coll., 584 F. Supp. 2d 588, 590 (W.D.N.Y. 2008). Although an affidavit, such as that submitted by Johanne Romain, may overcome the presumption, this

7

does not end the Court's inquiry. See Comrie v. Bronx Lebanon Hosp., 133 F.3d 906, *2 (2d Cir. 1998). Significantly, Plaintiff alleged in his original Complaint that he received the right-to-sue letter on September 27, 2011. (Compl. ¶ 12.) Such an assertion flatly contradicts his current allegation, and the Court, therefore, need not accept it. See Kilkenny v. Law Office of Cushner & Garvey, L.L.P., No. 08-CV-0588, 2012 WL 1638326, at *5 (S.D.N.Y. May 8, 2012) ("There is authority supporting the notion that a court may disregard amended pleadings when they directly contradict facts that have been alleged in prior pleadings." (collecting cases)). Furthermore, Plaintiff's claim that he did not receive the right-to-sue letter until May 2013 comes only after Defendant filed a motion to dismiss the original Complaint on, inter alia, timeliness grounds. "Where a 'plaintiff blatantly changes his statement of the facts in order to respond to the defendant['s] motion to dismiss . . . [and] directly contradicts the facts set forth in his original complaint,' a court is authorized 'to accept the facts described in the original complaint as true.'" Colliton v. Cravath, Swaine & Moore LLP, No. 08-CV-0400, 2008 WL 4386764, at *6 (S.D.N.Y. Sept. 24, 2008) (quoting Wallace v. N.Y.C. Dep't of Corr., No. 95-CV-4404, 1996 WL 586797, at *2 (E.D.N.Y. Oct. 9, 1996) (alterations in original)). Accordingly, Plaintiff's current assertion that the EEOC letter was in the mail for

nearly two years is patently implausible. Thus, Defendant's motion to dismiss Plaintiff's Amended Complaint as untimely is GRANTED and the Amended Complaint is DISMISSED WITH PREJUDICE.

As the Court has decided Defendant's motion on timeliness grounds, it will not address Defendant's additional arguments.

II. Plaintiff's Motion to Compel

Plaintiff seeks a "Court Order against the investigator of State Division of Human Rights . . . to do over an investigation because of a wrong doing investigation [sic] addressed to Mr. Ronald B. Brinn regional director." (Mot. to Compel, Docket Entry 33, at 1.) However, as the Court has dismissed Plaintiff's Amended Complaint with prejudice, Plaintiff's motion is DENIED AS MOOT.

CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE. Additionally, Plaintiff's motion to compel is DENIED AS MOOT.

Furthermore, the Court notes that Defendant's notice of motion included a potential request for attorneys' fees and costs. (See Def.'s Not. of Mot., Docket Entry 25.) Although the Court makes no determination as to whether such a motion is viable--or even necessarily appropriate--if Defendant seeks such

9

relief, it must do so through a separate motion. Any such motion must be filed within thirty days of the date of this Memorandum and Order.

The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mark this matter CLOSED and to mail a copy of this Memorandum and Order to pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December  9 , 2013
Central Islip, NY