```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOSEPH ROMAIN,

                    Plaintiff,          MEMORANDUM & ORDER
                                        13-CV-3035(JS)(WDW)
         -against-

CAPITAL ONE, N.A. d/b/a CAPITAL
ONE BANK,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:     Joseph Romain, pro se
                   176 Rushmore Street
                   Westbury, NY 11590

For Defendant:     Paul J. Siegel, Esq.
                   Alessandro Villanella, Esq.
                   Jackson Lewis, LLP
                   58 South Service Road, Suite 410
                   Melville, NY 11747
```

Currently pending before the Court is pro se plaintiff Joseph Romain's ("Plaintiff") motion to set aside judgment. For the following reasons, Plaintiff's motion is DENIED.

BACKGROUND

The Court presumes familiarity with the factual background of this case, which is set forth in detail in the Court's December 9, 2013 Memorandum and Order granting defendant Capital One, N.A. d/b/a Capital One Bank's ("Defendant" or "Capital One") motion to dismiss (the "Dismissal Order," Docket Entry 36). Briefly, Plaintiff commenced this action on May 21, 2013 and, following an initial motion to dismiss by Defendant,

filed an Amended Complaint on July 30, 2013.  The Amended Complaint alleges that Plaintiff brought this action "against the Defendant on the basis of its failure to reasonably accommodate Plaintiff's disability, its failure to promote Plaintiff, unequal terms and condition[s] of employment, forcible restraint and verbal abuse [ ] . . . and its failure to correct a hostile work environment."  (Am. Compl. ¶ 1; see also Dismissal Order at 2.)

Plaintiff's allegations relate to events that began in March 2007 through the termination of his employment on January 2, 2010.  (See Dismissal Order at 2-3.)  Primarily, he asserts that Defendant discriminated against him on the basis of a disability in violation of the Americans with Disabilities Act of 1990, as codified 42 U.S.C. §§ 12112-12117 ("ADA").  Although Plaintiff filed a charge with the New York State Division of Human Rights ("NYSDHR") and the United States Equal Employment Opportunity Commission ("EEOC") in 2010, he maintained that he did not receive a right-to-sue letter from the EEOC until May 17, 2013.  (See Dismissal Order at 4.)

On August 14, 2013, Defendant moved before this Court to dismiss the Amended Complaint.  (See Docket Entry 25.)  Defendant argued that Plaintiff's action is not timely because Plaintiff failed to commence this action within ninety days of receiving the right-to-sue letter from the EEOC, as required

under the ADA. (See Dismissal Order at 6-7 (citing Johnson v. St. Barnabas Nursing Home, 368 F. App'x 246, 248 (2d Cir. 2010).) In the Dismissal Order, the Court concluded that Plaintiff's action was indeed untimely. The Court first noted the general presumption that right-to-sue letters are received three days after mailing. (Dismissal Order at 7 (quoting Johnson, 368 F. App'x at 248).) Here, the EEOC dismissed Plaintiff's charge on September 27, 2011. (Dismissal Order at 7.) The undersigned then went on to find that Plaintiff's contention that he did not receive the right-to-sue letter until May 17, 2013 flatly contradicted his allegation in his original Complaint that he received the right-to-sue letter on September 27, 2011. (Dismissal Order at 8.) Moreover, that the letter suddenly appeared in the mail nearly two years later seemed highly unlikely. (Dismissal Order at 8-9.) Accordingly, the Court granted Defendant's motion to dismiss the Amended Complaint on timeliness grounds.

## DISCUSSION

Plaintiff now moves "to set aside judgment," which the Court will consider in the framework of a motion for reconsideration of the Court's Dismissal Order. The Court will first address the applicable legal standard before turning to Plaintiff's motion specifically.

I. <u>Legal Standard</u>

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. See <u>Wilson v. Pessah</u>, No. 05-CV-3143, 2007 WL 812999, at *2 (E.D.N.Y. Mar. 14, 2007). A motion for reconsideration is appropriate when the moving party believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. <u>Shamis v. Ambassador Factors Corp.</u>, 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. See <u>United States v. Gross</u>, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. See <u>Lehmuller v. Inc. Vill. of Sag Harbor</u>, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court. <u>Wechsler v. Hunt Health Sys.</u>, 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

II. Analysis

The exact basis of Plaintiff's motion for reconsideration is unclear. Much like his Amended Complaint, the Court finds his motion difficult to decipher. Nonetheless, the Court reads Plaintiff's motion to assert two arguments: (1) that the Court erred in finding Plaintiff's action untimely because the statute of limitations for prosecutions under 18 U.S.C. § 3262 is five years, and (2) Plaintiff has alleged sufficient claims to survive a motion to dismiss. Both arguments are without merit.

First, Plaintiff cites to a criminal statute to assert that his action is timely. Specifically, he points to allegedly false statements made by Defendant to the NYSDHR. (Pl.'s Aff., Docket Entry 38, ¶ 1.) He argues that "[t]he statute of limitations starts to run when the crime is completed, which is when the false statement is made or the false document is submitted. On June 17, 2011 Capital One Bank submitted a false document to the investigator Nadia G. Elize[,] New York State Division of Human Rights." (Pl.'s Aff. ¶ 1.) Plaintiff, however, has alleged disability discrimination in a civil action. He cannot assert a private cause of action for an alleged criminal violation.

Moreover, the Court found his action untimely not based upon a "statute of limitations," per se, but upon the requirements to bringing an action under the ADA. (Dismissal Order at 7.) Plaintiff has made no argument in this regard.

Second, Plaintiff's assertions regarding the merits of this action merely reiterate those made in opposition to the motion to dismiss. For example, he argues, inter alia, that Defendant terminated only persons with disabilities, that Defendant's personnel lied, and that Defendant forced Plaintiff to lift heavy boxes despite medical restrictions. (See Pl.'s Aff. ¶¶ 4, 15-16, 21.) These were the very same arguments that Plaintiff previously raised. (See generally Docket Entries 28-29.) Reargument is not an appropriate ground for reconsideration. See Davidson v. Scully, 172 F. Supp. 2d 458, 463-64 (S.D.N.Y. 2001) (denying motion for reconsideration where plaintiff largely restated arguments and attempted to submit further evidence in support of his claim).

Accordingly, Plaintiff's motion for reconsideration is DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reconsider the Dismissal Order is DENIED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith

and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is DENIED for purposes of an appeal.  <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

    The Clerk of the Court is directed to mail a copy of this Order to the <u>pro</u> <u>se</u> Plaintiff.

SO ORDERED

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

DATED:    April <u> 24 </u>, 2014  
            Central Islip, New York