UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOSEPH ROMAIN,

                    Plaintiff,        <u>MEMORANDUM & ORDER</u>
                                                13-CV-3035(JS)(WDW)
      -against-

CAPITAL ONE, N.A. d/b/a CAPITAL
ONE BANK,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:       Joseph Romain, <u>pro se</u>
                   176 Rushmore Street
                   Westbury, NY 11590

For Defendant:      Paul J. Siegel, Esq.
                   Alessandro Villanella, Esq.
                   Jackson Lewis, LLP
                   58 South Service Road, Suite 250
                   Melville, NY 11747

       Currently pending before the Court is <u>pro se</u> plaintiff Joseph Romain's ("Plaintiff") motion for reconsideration of the Court's April 24, 2014 Memorandum and Order, which denied a previous motion by Plaintiff for reconsideration (the "April Reconsideration Order"). Defendant Capital One, N.A. d/b/a Capital One Bank ("Defendant") has opposed and seeks sanctions. For the following reasons, Plaintiff's motion is DENIED. Defendant's request for sanction is also DENIED, with leave to renew if appropriate.

BACKGROUND

The Court presumes familiarity with the factual background of this case, which is detailed in the Court's December 9, 2013 Memorandum and Order (the "Dismissal Order," Docket Entry 36) granting Defendant's motion to dismiss and in the April Reconsideration Order. Briefly, Plaintiff's Amended Complaint primarily raises claims against Defendant, his former employer, for alleged discrimination pursuant to the Americans with Disabilities Act of 1990, as codified 42 U.S.C. §§ 12112-12117 ("ADA").

In the Dismissal Order, this Court held that Plaintiff's action is untimely because he failed to commence the action within ninety days of receiving the right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"), as required under the ADA. (Dismissal Order at 8-9.) The Court noted that the EEOC dismissed Plaintiff's charge on September 27, 2011 and that there is a general presumption that right-to-sue letters are received three days after mailing. (Dismissal Order at 7.) The Dismissal Order held that Plaintiff's contention that he did not receive the right-to-sue letter until May 17, 2013 contradicted his allegation in his original Complaint that he received the letter in September 2011 and granted Defendant's motion to dismiss the Amended Complaint. (Dismissal Order at 8-9.)

On December 18, 2013, Plaintiff filed a motion to "set aside the verdict," arguing that: (1) the Court erred in the Dismissal Order because the statute of limitations under 18 U.S.C. § 3262 is five years; and (2) Plaintiff alleged sufficient facts to overcome a motion to dismiss. (See April Recon. Order, Docket Entry 41, at 5.) The Court analyzed Plaintiff's motion in the context of a motion for reconsideration and rejected Plaintiff's arguments because 18 U.S.C. § 3262 is a criminal statute which does not affect the ADA's requirements and his arguments regarding the merits of his action reiterated those made in opposition to the motion to dismiss. (April Recon. Order at 6.)

Plaintiff again moves for reconsideration, this time of the April Reconsideration Order. Defendant has opposed, arguing that the Court should award it attorneys' fees and costs.

## DISCUSSION

The Court will first discuss the applicable legal standard on a motion for reconsideration before turning to the parties' arguments more specifically.

I. Legal Standard

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. See Wilson v. Pessah, No. 05-CV-3143, 2007

3

WL 812999, at *2 (E.D.N.Y. Mar. 14, 2007). A motion for reconsideration is appropriate when the moving party believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court. Wechsler v. Hunt Health Sys., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

II. Plaintiff's Motion

Plaintiff's motion for reconsideration is somewhat difficult to decipher. Although he seeks to overturn the April Reconsideration Order, his motion also mentions a conference before the Court on July 9, 2013. The Court will address Plaintiff's arguments according to how it has read the motion.

Initially, Plaintiff raises various purported errors with respect to the proceedings on July 9, 2013. On that date, the Court held a conference to discuss a motion by Plaintiff's counsel at the time to withdraw and allow Plaintiff to proceed pro se. (See July 9, 2013 Minute Entry.) During the conference, the Court also noted that Defendant had filed a motion to dismiss which asserted that Plaintiff's case was time-barred. Upon discussion with the parties and counsel, it was agreed that Defendant would withdraw its motion to dismiss, Plaintiff would file an Amended Complaint, and that Defendant would respond to the Amended Complaint or move to dismiss by August 14, 2013. (See July 9, 2013 Minute Entry.)

Plaintiff now seems to raise two arguments regarding the July 9, 2013 conference and the Court's prior orders. In the first, he asserts that in rendering the Dismissal Order:

> [t]he Court made a huge error to reveal a decision already granted to Plaintiff on July 9, 2013 without an Appeal from Defendant. The Court ordered to file an amended complaint on July 31, 2013 and terminated the amended Motion to dismiss' defendant as moot. This court should review the documents revoked and issues already considered by the Court in deciding on July 9, 2013 docket [22] pursuant to Rule 36 of the Civil Procedure and Hon. Victor Marrero District Judge in case Johnson v. St. Barnabas Nursing Home saying that: "The

5

>           three-day presumption may be rebutted by a
>           claimant through sworn testimony."[1]

(Pl.'s Not. of Motion, Docket Entry 42, at 4.)  The second argument asserts:

>           In another huge error the court withdrew the
>           decision of the conference held in the
>           courthouse on July 9, 2013 to file an
>           amended complaint on July 31, 2013 and
>           terminated as moot defendant previous motion
>           to dismiss on the Memorandum & Orders on
>           December 9, 2013 and April 24, 2014 without
>           any appeal from the defendant.  The court,
>           under pressure of the defendant's attorneys
>           made careless errors.

(Pl.'s Not. of Motion at 4.)

As best the Court can discern, Plaintiff seems to be arguing that the Court <u>sua</u> <u>sponte</u> reversed rulings it made during the July 9, 2013 conference in issuing the Dismissal Order.[2]  Putting aside any issues as to whether such arguments are time-barred,[3] Plaintiff could have--but did not--raise these

---

[1] The Court has quoted from Plaintiff's motion exactly, and has not noted any errors in grammar, punctuation, or otherwise.

[2] In his Affidavit in support of the current motion, submitted seventeen days after his notice of motion, Plaintiff also argues that the Court did not analyze allegedly false statements made by defense counsel during the conference.  (Pl.'s First Aff. in Support, Docket Entry 45, at 2-3.)  However, the April Reconsideration Order specifically rejected Plaintiff's arguments on the merits, noting that he inappropriately sought to reargue issues already rejected by the Court.  (April Recon. Order at 6.)  Plaintiff improperly attempts to do the same through this motion.

[3] Local Civil Rule 6.3 generally provides that motions for reconsideration must be made within fourteen days.  LOCAL CIV. R.

6

arguments in his original motion for reconsideration. (See Pl.'s First Mot. for Recon., Docket Entry 38.) In any event, the Court specifically held during the conference that Defendant was entitled to move to dismiss the Amended Complaint, giving Defendant a deadline to do so, and made no particular rulings regarding the merits of Plaintiff's action. The Dismissal Order simply did not reverse or contradict any prior rulings. Accordingly, Plaintiff's motion for reconsideration in this respect is DENIED.

Plaintiff additionally argues that the Court erred in the April Reconsideration Order because Plaintiff did not receive the right-to-sue letter until May 17, 2013 and that Defendant committed a criminal act. (Pl.'s Not. of Motion at 5-6, 8; Pl.'s First Aff. in Support at 2.) Plaintiff is seeking to relitigate arguments that the Court specifically addressed and rejected in the April Reconsideration Order. These are not appropriate grounds for reconsideration. See supra pp. 3-4. As such, Plaintiff's motion for reconsideration in this regard is DENIED.

Finally, Plaintiff also asserts that the Court erred because the April Reconsideration Order did not address

---

6.3. Federal Rule of Civil Procedure 60 provides that a motion under Rule 60(b) must be made within a "reasonable time" or no more than one year if pursuant to Rule 60(b)(1-3). FED. R. CIV. P. 60(c)(1).

7

Defendant's argument regarding attorneys' fees. (Pl.'s Not. of Motion at 5.) Defendant has again renewed its request for attorneys' fees in opposition to the current motion[4], and the Court will address this issue below. Notably, reconsideration does not necessarily mean that the Court would "rescind" its April Reconsideration Order, as Plaintiff suggests. (Pl.'s Not. of Motion at 5.) Rather, the Court would evaluate any issue that it overlooked. See supra pp. 3-4. The Court will specifically address Defendant's argument below.

III. Attorneys' Fees and Costs

Defendant asserts that sanctions should be imposed against Plaintiff in the form of attorneys' fees and costs because Plaintiff's claims are "meritless and vexatious." (Def.'s Opp. Br., Docket Entry 44, at 2.) Although the Court

---

[4] Plaintiff also argues that Defendant's opposition is untimely. (See Pl.'s First Aff. in Support at 3; Pl.'s Am. Aff. in Support, Docket Entry 48, at 3.) Plaintiff submitted an affirmation of service indicating that he served the notice of motion by overnight mail on May 2, 2014. (See Aff. of Service, Docket Entry 43.) Defendant did not file an opposition until May 22, 2014. A late or even non-existent opposition, however, does not require that the Court grant Plaintiff's motion, as he seems to suggest. See RMED Int'l, Inc. v. Sloan's Supermarkets, Inc., No. 94-CV-5587, 2003 WL 22251323, at *1 (S.D.N.Y. Sept. 30, 2003) (noting that the court "sits . . . as a guardian"). In any event, Defendant's opposition was received within fourteen days of the electronic filing on Plaintiff's notice of motion and within three days of the date of Plaintiff's Affidavit in Support. Insofar as Defendant's opposition is late, the Court GRANTS Defendant an extension of time nunc pro tunc.

8

does not condone Plaintiff's actions, it declines to impose sanctions at this juncture.

The ADA provides that a district court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses and costs . . . ." 42 U.S.C. § 12205. When a defendant seeks such relief, the court must find the plaintiff's claim is "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n, 434 U.S. 412, 422, 98 S. Ct. 694, 701, 54 L. Ed. 2d 648 (1978). This standard is "difficult to meet." Access 4 All, Inc. v. Ulster Heights Props., Inc., No. 07-CV-2923, 2008 WL 5582198 (S.D.N.Y. Dec. 10, 2008), adopted by 2009 WL 256008 (S.D.N.Y. Feb. 2, 2009).

Here, although Plaintiff's claim was dismissed at the motion to dismiss stage, this does not mean that it was necessarily frivolous. See Ecogen, LLC v. Town of Italy, 461 F. Supp. 2d 100, 104 (W.D.N.Y. 2006). In light of Plaintiff's assertions that his claim was timely, even though ultimately unsuccessful, the Court does not find that the action was frivolous per se. See id. (declining to impose sanctions where claims were dismissed on a motion to dismiss because the plaintiff had set forth some "shortcomings" with respect to defendant's actions).

More troublesome is that Plaintiff has continued to litigate this case and present arguments that the Court has unambiguously rejected. The Dismissal Order and the April Reconsideration Order made clear that Plaintiff cannot sustain this action. This could indeed render sanctions appropriate. See Murphy v. Bd of Educ. of Rochester City Sch. Dist., 420 F. Supp. 2d 131, 138 (W.D.N.Y. 2006). Nonetheless, Plaintiff is a pro se litigant and attorneys' fees and costs are a relatively harsh sanction within the Court's discretion. See Toro v. Depository Trust Co., No. 97-CV-5383, 1997 WL 752729, at *5 (S.D.N.Y. Dec. 4, 1997) ("Adhering to the general reluctance of courts to impose sanctions against a pro se plaintiff, I decline to award attorneys' fees to defendants."); Kota v. Abele Tractor & Equip. Co., Inc., No. 88-CV-0632, 1990 WL 37896, at *2 (N.D.N.Y. Mar. 23, 1990) (holding that, even if the claim was frivolous, it would not impose sanctions because defendant would be in a better position to absorb the cost of litigation than a former employee). Therefore, the Court declines to impose sanctions at this time. However, Plaintiff has ample notice that continued litigation can result in the imposition of attorneys' fees and costs against him. Plaintiff will not receive any additional warnings.

Defendant's request for sanctions against Plaintiff is DENIED with leave to renew if appropriate.

CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. Insofar as Defendant seeks sanctions against Plaintiff, this request is also DENIED with leave to renew if appropriate.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

DATED: October  27 , 2014
Central Islip, New York